IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| VOLANTE JONES, AIS 165217 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 3:05-CV-1050-T |
| CHARLES W. STORY, CIRCUIT ) | |
| CLERK FOR CHAMBERS COUNTY ) | |
| ) | |
| Defendant. ) | |
| ) | |

## SPECIAL REPORT

COME NOW the Defendants, Charles W. Story, Circuit Clerk for Chambers County, by and through undersigned counsel, and in accordance with this Honorable Court's December 2, 2005, Order, offer the following written report.

## PARTIES

1. The Plaintiff, Volante Jones, is an inmate of the Alabama Prison System.
2. Defendant Charles Story is Circuit Clerk for Chambers County, Alabama.

## EXHIBIT

EXHIBIT 1 – Affidavit of Charles Story.

## PLAINTIFF'S CLAIMS

Plaintiff claims that he has been denied copies of his criminal records by defendants which in turn violated his due process rights. Plaintiff demands injunctive

1

relief, a declaratory judgment and a monetary award of $15,000.00 for both compensatory and punitive damages.

## DEFENDANTS' RESPONSE

1. The Defendant denies that he violated Plaintiff's constitutional rights.

2. The Defendant denies each and every material allegation not specifically admitted herein and demands strict proof thereof.

3. Plaintiff has failed to state a claim upon which relief may be granted.

4. The Defendant is immune from suit under the Eleventh Amendment to the United States Constitution.

5. The Defendant is immune from suit due to qualified immunity.

## STATEMENT OF FACTS

On or about December 5, 2005, Defendant Story was served by U. S. Postal Service via certified mail, a copy of the above styled civil action alleging that Mr. Story, in his official capacity as Circuit Clerk, and personally, had violated Plaintiff's constitutional rights by not supplying Plaintiff with a copy of his Chambers County criminal case file. On the date Mr. Story was served, he reviewed Plaintiff's entire file, Chambers County case number CC 1999-274. In Plaintiff's file, Mr. Story found only one request from Plaintiff. This request was stamped filed in The Chambers County Clerk's Office on June 2, 2005. When Mr. Story received that request, he made a copy of Plaintiff's file and mailed it to Plaintiff at Easterling Correctional Facility, 200 Wallace

Drive, Clio, Alabama. Mr. Story then filed Plaintiff's request and notated that he had sent same to Plaintiff on the inside of the file. (Exhibit 1)

On June 30, 2005 I received a copy of a "Writ of Mandamus" concerning copies of Plaintiff's case file, which Plaintiff filed in the Alabama Court of Criminal Appeals. The Court of Criminal Appeals dismissed that Mandamus Petition on July 1, 2005. (Exhibit 1).

On July 8, 2005, Plaintiff sent Mr. Story a copy of a Petition for Writ of Mandamus that Plaintiff filed in the Alabama Supreme Court concerning copies of his case file. On August 2, 2005 Mr. Story received a copy of where the Supreme Court dismissed that Mandamus Petition. (Exhibit 1).

In reviewing Plaintiff's case file, Mr. Story saw several requests that Plaintiff had attached as exhibits to his Petition for Writ of Mandamus filings. To Mr. Story's knowledge, neither he, nor his office ever received these request. The first request that Mr. Story received from Plaintiff was on June 2, 2005, which was properly processed. (Exhibit 1).

Upon a closer examination of Plaintiff's Petition exhibits, Mr. Story found several things that looked suspicious to him. Exhibits in Plaintiff's Supreme Court Mandamus Petition dated July 6, 2005 pages numbered 1, 3, 4, and 5 appeared to be photo copied pages while page 2 appeared to be an original document. Mr. Story also noted that Plaintiff's signature on page 5 appeared to be an original signature on a photo copied page. Plaintiff's exhibit "A" to the Petition appeared to be original handwriting but signed with a different shade of ink. This also appeared to be the case on Plaintiff's exhibits "B" and "C" to the Petition. Additionally, on Plaintiff's Mandamus Petition to the Alabama Court of Criminal Appeals his exhibits "A" and "B" appeared to be the

3

original document and exhibit "C" appears to be a photo copy with the signature in original blue ink. (Exhibit 1).

In short, Plaintiff's Mandamus Petition filings and exhibits contain documents that Plaintiff claims he filed with the Chambers County Circuit Clerk's Office but have never been seen by Mr. Story or others in his office. The only request that Mr. Story or his office ever saw from Mr. Jones was stamped "filed", properly processed in accordance to law and rules of procedure, and placed in his criminal file. (Exhibit 1).

## ARGUMENT

**I. Plaintiff has not shown any injury.**

A violation of the right of access to the courts requires that a prisoner establish that his right of access to the courts has been frustrated or impeded, thereby causing him to suffer an actual injury. *Lewis v. Casey,* 518 U.S. 343, 349-51, 353, 116 S.Ct. 2174, 2179-81, 135 L.Ed.2d 606 (1996) (quoting *Bounds v. Smith,* 430 U.S. 817, 823, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977)). If a prisoner is unable to establish an actual injury, the prisoner lacks standing to bring a claim for the denial of access to the courts. *Id.* "A prisoner must show actual injury in the pursuit of specific types of ***nonfrivolous*** cases: direct or collateral attacks on sentences and challenges to conditions of confinement." *Wilson v. Blankenship,* 163 F.3d 1284, 1290 (11th Cir.1998) (emphasis added) (citing *Lewis,* 518 U.S. at 355-57, 116 S.Ct. at 2182). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis,* 518 U.S. at 355, 116 S.Ct. at 2182. Some examples of an actual injury are the missing of deadlines or being prevented from

raising claims. *Wilson,* 163 F.3d at 190 n. 10 (citing *Lewis,* 518 U.S. at 348, 116 S.Ct. at 2182). To prove the injury, a prisoner "must provide evidence of ... deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or a civil rights case [vindicating basic constitutional rights] ...." *Id.* at 1290-91; *see Bass v. Singletary,* 143 F.3d 1443, 1446 (11th Cir.1998).

## II.    The Defendant is immune from suit.

This case should also be dismissed because the Defendant is immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan,* 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and *Hans v. Louisiana,* 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor,* 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, the Defendant should be dismissed based on immunity.

In addition, the Defendant is protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra*; *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997). The Defendant has not violated Plaintiff's clearly established rights; thus, he is entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and the Defendant is entitled to judgment as a matter of law. WHEREFORE, the Defendant respectfully requests that this Honorable Court dismiss the claims against him.

Respectfully submitted,

TROY KING (KIN047)
Attorney General

_s/ Benjamin H. Albritton
Benjamin H. Albritton (ALB008)
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 17th day of January, 2006, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Volante Jones
AIS 165217
Holman Correctional Facility
3700 Holman
Atmore, AL 36503-3700

                                                  s/ Benjamin H. Albritton
                                                  Benjamin H. Albritton
                                                  Assistant Attorney General