IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2006 MAR -6  A 10: 10

VOLANTE JONES,
        PLAINTIFF,

    VS.                                    CIVIL ACTION NO. 3:05-CV-1050-T

COURT CLERK OF CHAMBERS
COUNTY,
        DEFENDANT.


PLAINTIFF'S RESPONSE TO DEFENDANT'S
ANSWER/SPECIAL REPORT

COMES NOW THE PLAINTIFF VOLANTE JONES (HEREINAFTER JONES)
AND MOVES THIS HONORABLE COURT WITH PLAINTIFF'S RESPONSE TO
DEFENDANT'S ANSWER/SPECIAL REPORT AND STATES THE FOL-
LOWING GROUNDS:

    1. PLAINTIFF'S RESPONSE WILL BE PRESENTED IN TWO(2)
PARTS FOR THE COURT TO HAVE A CLEAR UNDERSTANDING OF THE
FACTS PRESENTED.

    2. JONES HUMBLY PRAYS PURSUANT TO RULE 201(d), FEDERAL
RULES OF EVIDENCE (HEREINAFTER F.R.E.) THE COURT TAKE
JUDICIAL NOTICE OF THE ENTIRE RECORD IN THIS CAUSE.


STATEMENT OF THE CASE AND FACTS

    **3.** ON THE — DAY OF _____, 2005 JONES FILED
A REQUEST TO MR. CHARLES W. STORY, CLERK OF THE CHAM-
BERS COUNTY CIRCUIT COURT. THIS REQUEST CONCERNED A COPY

—1—

ALL STATEMENTS FOR AND AGAINST PLAINTIFF, INDICTMENT, PLEA AGREE-MENT, COLLOQUY AND EVERYTHING else RELATED TO THIS ILLEGAL SENTENCE AND CONVICTION.

4. ON THE ___ DAY OF JUNE, 2005 SINCE NOT RECEIVING RE-SPONSE PLAINTIFF FILED PETITION FOR WRIT OF MANDAMUS IN THE ALABAMA COURT OF CRIMINAL APPEALS TO COMPEL DEFEND-ANT TO FORWARD REQUESTED MATERIALS. (CR 04-1921).

5. ON THE ___ DAY OF JULY, 2005 JONES' PETITION WAS DENIED, ON THE 6TH DAY OF JULY, 2005 JONES FILED PETITION FOR WRIT OF MANDAMUS IN THE ALABAMA SUPREME COURT. (1041502).

6. ON THE 1ST DAY OF AUGUST, 2005 JONES' PETITION WAS DENIED.

7. ON THE ___ DAY OF _____, 2005 JONES FILED THIS INSTANT COMPLAINT ALLEGING THAT HE WAS DENIED ACCESS TO THE COURT BY THE DEFENDANT'S ACTIONS IN VIOLATION OF BOUNDS V. SMITH, 430 US 817, 52 Led 2d 72, 97 SCt 1491 (1977).

8. ON THE 17TH DAY OF JANUARY, 2006 DEFENDANT FILED "SPECIAL REPORT / ANSWER" WHICH THE COURT ORDERED WILL BE TREATED AS A MOTION FOR SUMMARY JUDGMENT.

9. ON THE 19TH DAY OF JANUARY, 2006 THE COURT ISSUED AN ORDER THAT THE PLAINTIFF FILE RESPONSE ON OR BEFORE THE 7TH DAY OF FEBRUARY, 2006.

10. ON THE 26TH DAY OF JANUARY, 2006 JONES FILED MOTION FOR NINETY (90) DAY CONTINUANCE AND ORDER FOR ALABAMA DEPARTMENT OF CORRECTIONS (HEREINAFTER ADOC) TO PROVIDE

—2—

COPY OF LEGAL MAIL SIGNING LOG FOR EASTERLING PRISON FROM JANUARY, 2005 TO JULY, 2005.

11. COURT GRANTED MOTION IN PART AND ISSUED ORDER TO DEFENDANT TO PRODUCE PLAINTIFF'S REQUEST AND "STAMPED "FILES", i.e., NOTATION THAT REQUEST WAS MAILED TO PLAINTIFF.

## PART I

### PLAINTIFF'S RESPONSE TO CLAIMS

12. "THE REQUIREMENT THAT AN INMATE ALLEGING A VIOLATION OF BOUNDS MUST SHOW ACTUAL INJURY DERIVES ULTIMATELY FROM THE DOCTRINE OF STANDING, A CONSTITUTIONAL PRINCIPLE THAT PREVENTS COURTS OF LAW FROM UNDERTAKING TASKS ASSIGNED TO THE POLITICAL BRANCHES. See Allen v. WRIGHT, 468 US 737, 750-752, 82 led2d 556, 104 SCt 3315 (1984); VALLEY FORGE CHRISTIAN College v. AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE, INC., 454 US 464, 471-476, 70 led2d 700, 102 SCt 752 (1982). IT IS THE ROLE OF THE COURTS TO PROVIDE RELIEF TO CLAIMANTS, IN INDIVIDUAL OR CLASS ACTIONS, WHO HAVE SUFFERED, OR WILL IMMINENTLY SUFFER, ACTUAL HARM; IT IS NOT THE ROLE OF COURTS, BUT THAT OF THE POLITICAL BRANCHES, TO SHAPE THE INSTITUTIONS OF GOVERNMENT IN SUCH FASHION AS TO COMPLY WITH THE LAWS AND THE CONSTITUTION. IN THE CONTEXT OF THE PRESENT CASE; IT IS FOR THE COURTS TO REMEDY PAST OR IMMINENT OFFICIAL INTERFERENCE WITH INDIVIDUAL INMATES' PRESENTATION OF CLAIMS TO THE COURTS; IT IS FOR THE POLITICAL BRANCHES

-3-

of the State and Federal Governments to manage prisons in such fashion that official interference with the presentation of claim will not occur, Lewis v. Casey, 518 US 343, 135 Led 2d 606, 116 SCt 2174 (1996).

13. Jones through due diligence did all he could to procure requested files that the defendant is charged with maintaining. See: Plantiff's Exhibits A + B.

14. The Alabama Legislature promulgates rules of law and procedures to obtain information from the Circuit Court. Pursuant to Section 36-12-40, et seq. Jones made a formal request for information so he could file a Rule 32, Alabama Rules of Criminal Procedure (hereinafter ARCrP) Petition to attack the illegal conviction and sentence he is presently incarcerated under.

15. Section 12-17-94, Code of Alabama 1975 clearly sets forth that as long as Jones complies with the process he has a right to receive the information requested.

16. The defendant claims he mailed this "complete copy of Jones' files" to Easterling Prison, but Jones never received anything. See: Plantiff's Exhibit B.

17. Summary Judgment is to be granted only if the record before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), FRCP. A "material fact" is one that "might

—4—

affect the outcome of the suit under the governing law."
<u>Anderson v. Liberty Lobby, Inc.</u>, 477 US 242, 248 (1968).

18. The affidavits of the plaintiff and the defendant are squarely contradictory as to whether the requested information was mailed or plaintiff received it. As the facts presently stand the Alabama Department of Corrections' legal mail may, along with trial by jury, be the only way to resolve this cause. There is clearly a genuine issue of fact.


PART II

<u>Plaintiff's response to Defendant's Immunity Claims</u>

19. The factual dispute is also material. Under governing law, "The proponent of a claim to absolute immunity bears the burden of establishing the justification for such immunity. In determining which officials perform functions that might justify a full exemption from liability, 'we have undertaken a considered inquiry into the immunity history accorded the relevant official at common law and the interests behind it'". Antoine v. Byers + Anderson, Inc., 508 US 429, 124 led 2d 391, 113 SCG 2167 (1993).

20. The defendant has alleged that he is entitled to absolute immunity, Eleventh Amendment to the United State Constitution, state agent immunity and qualified

-5-

IMMUNITY.

21. UNDER ALABAMA LAW THE COURT HAS HELD: "UNDER ART. 1, SECTION 14, ALABAMA CONST. 1901, THE ONLY EXCEPTIONS TO STATE IMMUNITY FOR STATE OFFICERS SUCH AS DEPUTY SHERIFFS SUED IN THEIR OFFICIAL CAPACITY ARE AS FOLLOWS:

'[A]CTIONS BROUGHT (1) TO COMPEL HIM TO PERFORM HIS DUTIES, (2) TO COMPEL HIM TO PERFORM MINISTERIAL ACTS, (3) TO ENJOIN HIM FROM ENFORCING UNCONSTITUTIONAL LAWS, (4) TO ENJOIN HIM FROM ACTING IN BAD FAITH, FRAUDULENT-LY, BEYOND HIS AUTHORITY, OR UNDER MISTAKEN INTER-PRETATION OF THE LAW, OR (5) TO SEEK CONSTRUCTION OF A STATUTE UNDER THE DECLARATORY JUDGMENT ACT IF HE IS A NECESSARY PARTY FOR THE CONSTRUCTION OF THE STATUTE.'" <u>EX PARTE HARALSON</u>, 871 So.2d 802 (Ala. 2003).

22. AS THE COURT WELL KNOWS, JONES HAS REQUESTED BOTH DECLARATORY AND INJUNCTIVE RELIEF THAT THE CLERK BE ORDERED TO PERFORM HIS MINISTERIAL DUTIES.

23. THE FUNCTIONS PERFORMED BY THE CIRCUIT CLERKS OF ALA-BAMA ARE REQUIRED BY STATUTE TO "MAKE OUT AND DELIVER, ON APPLICATION AND PAYMENT OF THE LEGAL FEES THEREFOR, TO ANY PERSON APPLYING FOR SAME, A CORRECT TRANSCRIPT, PRO-PERLY CERTIFIED, OF ANY PAPER OR RECORD IN THEIR OFFICES." SEE: SECTION 12-17-94, CODE OF ALABAMA 1975.

THIS IS NOT A DISCRETIONARY FUNCTION, BUT MINISTERIAL. <u>STEGMAIER V. TRAMMELL</u>, 597 F.2d 1027 (5TH CIR. 1979).

<u>STATEMENT OF DISPUTED FACTUAL ISSUES</u>

A. WHETHER DEFENDANT PREPARES AND MAILES JONES A COMPLETE COPY OF "CRIMINAL FILE" FOR CASE No. CC99-274?

B. WHETHER JONES RECEIVED COPY OF "CRIMINAL FILE"?

<u>CONCLUSION</u>

FOR THE FOREGOING REASONS, THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED.

DATED: 3/1/06                              RESPECTFULLY SUBMITTED,

                                           *Volante Jones-165217*
                                           VOLANTE JONES
                                           3700 HOLMAN UNIT
                                           #165217  11M7
                                           ATMORE, ALABAMA
                                                        36503

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT ON THIS THE 1ST DAY OF MARCH, 2006 I HAVE SERVED A COPY OF THIS RESPONSE TO COUNSEL FOR DEFENDANT AT: 11 SOUTH UNION STREET, MONTGOMERY, ALABAMA 36130, POST PREPAID BY GIVING SAME TO OFFICERS TO PLACE IN INSTITUTIONAL MAIL BOX.

                                           *Volante Jones-16217*
                                           VOLANTE JONES

-7-