IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| VOLANTE JONES, AIS # 165217, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:05cv1050-MHT |
| | ) | [WO] |
| | ) | |
| CHARLES W. STORY, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Volante Jones, ("Jones"), a state inmate, contends that Charles W. Story ("Story"), the Clerk of the Chambers County Circuit Court, denied him access to the courts. Jones seeks damages and injunctive relief.

Story filed a special report and supporting evidentiary materials addressing Jones' claim for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat this report as a motion for summary judgment. (Doc. No. 12.) Thus, this case is now pending on Story's motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Jones' response in opposition to the motion, the court concludes that Story's motion for summary judgment is due to be granted.

**I. FACTS**

On several occasions between March and May 2005, Jones sent several letters to Story, requesting that the Clerk of Court send copies of his criminal records, including the indictment, sentencing order, case action summary, plea agreement, and pre-sentence report.

(Doc. No. 1, Supporting Facts, p. 1.) Jones did not receive the requested documentation. (*Id.*) In June 2005, Jones filed a petition for a writ of mandamus to the Alabama Court of Criminal Appeals, in which he requested that the Chambers Circuit Court provide him his criminal records. (Doc. No. 19, Jones' Affid., p. 2; *Ex parte Jones*, 926 So. 2d 1099 (Ala.Crim.App. 2005) (Table). After the denial of his petition, Jones filed a petition for a writ of mandamus to the Alabama Supreme Court. (Doc. No. 19, Jones' Affid., p. 2.) The Alabama Supreme Court also denied Jones' petition. (*Id*.) On October 10, 2005, Jones filed this lawsuit against Story. (Doc. No. 1.)

Story admits that Jones requested copies of his criminal records on June 2, 2005; however, Story denies that he deprived Jones of access to the courts. Story alleges that Jones' June 2, 2005, request was "properly processed in accordance to law and rules of procedure." (Attach. to Doc. No. 12, Story's Affid., p. 2.)

## II. STANDARD OF REVIEW

In order to survive Story's properly supported motion for summary judgment, Jones is required to produce some evidence which would be admissible at trial supporting his claim of a constitutional violation. Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet the aforementioned standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably

find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).

To demonstrate a genuine issue, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving part, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 322; *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.*, 92 F.3d

1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-85 (11th Cir. 1996); *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Jones has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra.*

### III. DISCUSSION

The law is well settled that prison inmates are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified and limited the right to assistance created in *Bounds*. Specifically, the Court held that "an inmate alleging a violation of *Bounds* must show actual injury." *Lewis*, 518 U.S. at 349. The Court rejected the argument that the mere claim of a systemic defect, without a showing of actual injury, presented a claim sufficient to confer standing. *Id*. at 349. Moreover, *Lewis* emphasizes that a *Bounds* violation is related to the lack of an inmate's capability to present claims. 518 U.S. at 356. "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the

courts. When any inmate . . . shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates" the requisite actual injury. *Id.* Finally, the Court discerned that the injury requirement is satisfied only when an inmate has been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement. . . . ." *Id.* at 356-357.

The court concludes that Jones has failed to present a genuine issue of material fact demonstrating that Story denied his access to the courts. Jones is not in a position to argue that Story never *sent* copies of the requested documents in June 2005; Jones, however, is in a position to state that he never *received* the documentation. Although Jones alleges that he did not receive copies of his criminal records, he has neither set forth facts nor produced some evidence in support of his claim that Story did not send the documents to him. Jones' conclusory allegation that the defendant did not send a copy of the dismissal does not provide sufficient evidence to oppose a motion for summary judgment. *See Celotex, supra.*

More importantly, Jones has failed to allege the requisite "actual injury" to establish a constitutional violation. Jones' mere opinion that his failure to receive the court documents prevented him from filing a state post-conviction petition does not establish actual injury. Jones has failed to present any evidence demonstrating that he received an unfavorable ruling in a post-conviction petition as a result of Story's actions. The court notes that Jones'

reliance on the denial of his petitions for a writ of mandamus, in which Jones requested that the state appellate courts compel the Chambers County Circuit Court to provide the documents does not establish the actual injury requirement. It is clear that the actions about which Jones complains did not deny him "'a reasonably adequate opportunity'" to present [his state post-conviction] claims to either the state or federal courts." *Lewis*, 518 U.S. at 351. The record is likewise devoid of any indication of ultimate prejudice or disadvantage which directly resulted from the actions about which Jones complains. Summary judgment is therefore due to be granted in favor of the defendant.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendant's motion for summary judgment be granted.

2. Judgment be GRANTED in favor of the defendant.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before April 24, 2007 the parties may file objections to the Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of April, 2007.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE